NO. 07-11-0066-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 15, 2011
_____

RICHARD MORGAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-422,402; HONORABLE JIM B. DARNELL, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of guilty to two counts of aggravated sexual assault,[1] Appellant, Richard Morgan, elected to have a jury assess punishment. After presentation of evidence, he was sentenced to thirty years confinement. Both the clerk's record and reporter's record have been filed. Appellant's brief was originally due to be filed on June 20, 2011. After an extension of time was granted to July 20, 2011, Appellant's brief was

---

[1]Tex. Penal Code Ann. § 22.021(a)(2)(B) (West 2011).

not filed; neither did counsel communicate with this Court. By letter dated August 1, 2011, Appellant's counsel was advised that the brief was outstanding and granted Appellant until August 11, 2011, in which to file the brief, noting that failure to comply might result in abatement of the appeal and remand of the cause to the trial court for further proceedings. Counsel was further advised pursuant to Rule 38.6(d) of the Texas Rules of Appellate Procedure that the filing of Appellant's brief would require a *Motion to Extend Time to File Appellant's Brief.*

Instead of filing the brief and an accompanying motion, counsel filed a subsequent motion for extension of time requesting until August 19, 2011, in which to file the brief. As explanation for the delay, counsel detailed computer problems and issues in having it repaired. His motion was accompanied by supporting documentation. This Court granted counsel's request for an extension to the requested date of August 19, 2011. To date, however, the brief remains outstanding and there has been no subsequent communication by counsel with this Court.

We now abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall immediately determine why counsel has failed to timely file Appellant's brief and take such action as is necessary to ensure that the brief is filed with the Clerk of this Court on or before September 30, 2011.

Should counsel file Appellant's brief on or before September 30, 2011, he is directed to immediately notify the trial court, in writing, of the filing, whereupon the trial court shall not be required to take further action.

2

If, however, the brief is not filed by September 30, 2011, pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure, the trial court is ORDERED to conduct a hearing to determine the following:

1. whether Appellant desires to prosecute this appeal;
2. whether Appellant's counsel has abandoned this appeal;
3. whether Appellant desires and is entitled to new appointed counsel.

Should it be determined that Appellant desires to prosecute this appeal, that counsel has abandoned this appeal, and that Appellant desires and is entitled to new appointed counsel, the name, address, telephone number, and state bar number of the newly-appointed counsel shall be provided to the Clerk of this Court. The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the Clerk of this Court by October 10, 2011. Finally, newly appointed counsel shall file Appellant's brief within thirty days after the date of appointment.

It is so ordered.

Per Curiam

Do not publish.

3